JOHN S. STRATTON & others *vs.* CITY OF LOWELL & others.

Middlesex.    March 17, 1902. — May 23, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Municipal Corporations.    Lowell.*

Under St. 1896, c. 415, the city council of Lowell has no power to make contracts
for the city, but it has the power to make appropriations, and by § 8 it is pro-
vided, that "no liability shall be incurred ... until the city council has duly voted
an appropriation sufficient to meet such expenditure or liability," and that no sum
"appropriated for a specific purpose" shall be expended for any other purpose.
Under § 6 the board of health as the head of a department have authority to
make contracts for that department. The city council voted, to borrow $25,000
for the purchase and erection of a "Smith Improved Garbage Cremator," and
appropriated the sum named for that purpose, to be expended under the direc-
tion of the mayor and the board of health. The record of a meeting of the
board of health showed a vote to ask the Smith company for plans and speci-
fications and a refusal by a majority of the board to ask for bids from other
companies because after the action of the city council it would be useless.
Later, at a regular meeting of the board, it was voted, that the record be
amended by striking out the statement of the reason for the refusal, and by
stating the true reason, that the majority of the board after investigation of the
merits of the rival cremators, decided that the best interest of the city would be
served by the selection of the Smith Cremator. On a petition of ten taxable inhab-
itants to enjoin the expenditure, it was *held,* that the appropriation by the city
council was in lawful form, and that the court could not go behind the amended
record of the board of health, and, at any rate, that the adoption of the amend-
ment declared by necessary implication that in the present opinion of the board
it was desirable to purchase the Smith Cremator on grounds independent of the
vote of the city council, therefore, that the purchase was authorized by the un-
biassed action of the board having authority to make it and the bill must be dis-
missed.

HOLMES, C. J.    This is a petition by ten taxable inhabitants
of the city of Lowell, brought under St. 1898, c. 490, amending
Pub. Sts. c. 27, § 129. It is brought against the city of Lowell
and its board of health to enjoin the borrowing or expending
of the sum of $25,000 for the purchase and erection of a
Smith Improved Garbage Cremator. The facts, in short, are
that the city council voted to borrow the said sum for the
purpose just mentioned, and appropriated the amount to the
credit of the purchase and equipment of the cremator, the same
to be expended under the direction of the mayor and the

board of health. The records of the board of health disclosed instructions to its agent to ask the Smith company for plans and specifications and a refusal by a majority of the board to request another company to submit a proposition, the refusal being on the ground that the city council having already voted for a Smith Cremator it would be useless for another company to offer estimates. Later, at a regular meeting of the board, it was voted that the record be amended by striking out the statement of the reasons for the refusal, the true reason being stated to be that the majority of the board after investigation of the merits of the rival cremators, decided that the best interest of the city would be served by the selection of the Smith Cremator. The judge of the Superior Court found that the original record " correctly stated the action " of the health department and that the health department felt bound by the order of the city council and was about to make a contract without the exercise of its own judgment. He therefore ordered an injunction and reported the case.

The ground of the order is that under the charter of the city, St. 1896, c. 415, § 7, the city council has no power to meddle with the making of the contract, that its order was void as an attempt to do so, and that the intended action of the board of health would be unauthorized because not an expression of the independent judgment of the board, apart from other reasons. *Goddard* v. *Lowell*, 179 Mass. 496. But we are of opinion that the present case must be distinguished from the one just cited. In that there was a direct attempt to control the contracts of the board of health by ordinance. Here there was only an appropriation. By § 8 of the charter no contract could be made until there was an appropriation, so that the act of the city council was the necessary first step if a cremator was to be bought. It is true that the appropriation specified the kind of cremator to be purchased, but it is contemplated by the first words of § 8 that a sum may be " appropriated for a specific purpose." It is true again that the sum so appropriated could not be expended for any other purpose and therefore that the board of health was limited in its power to contract. But the purchasing departments always are limited by the necessity for a preliminary appropriation. That the statute intends. All that is

requisite to satisfy the charter is that, whatever the form of the appropriation, the department making the purchase should use its independent judgment and not make itself merely a mouthpiece for the city council. It is true, again, that the judge has found that the board has not used its independent judgment, but it appears to us that this conclusion was based upon too bold an inquiry into the facts. We cannot go behind the record of the board of health. For even if we should hold technical rules inapplicable (*Halleck* v. *Boylston*, 117 Mass. 469, 470), the board by the amendment of its record did at least declare by necessary implication that in its present opinion it was desirable to purchase the Smith Cremator, on grounds independent of the city council's vote. We cannot go behind the declaration of the board. If, after a valid appropriation, a board having power to purchase says that in its unbiassed judgment it is desirable that a certain purchase should be made, a court cannot undertake to contradict it and to declare judicially that its judgment is not free.

*Bill dismissed.*

*F. W. Qua,* for the respondents.
*J. F. Manning,* for the petitioners.