THOMAS F. GARVEY *vs.* CITY OF LOWELL.

Middlesex.     March 25, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Civil Service.     Board of Health,* Municipal.

In an action against a city by one who was employed as foreman of the yard of the health department of the defendant and is alleged to have been discharged in violation of the civil service laws by a vote of the board of health of the defendant purporting " to abolish the position of foreman of the yard in the spirit of economy," the plaintiff may introduce evidence to show that the position which he occupied was not abolished in good faith for reasons of economy, but that the vote of the board of health was a mere pretext or device to get rid of the plaintiff on account of his refusal to render political service for one of the members of the board.

One who is employed as foreman of the yard of the health department of a city is engaged in the labor service of the city and is not the holder of an office within the meaning of that term as used in the civil service laws.

CONTRACT for wages for services as foreman of the yard of the health department of the defendant from March 28, 1907, to the date of the writ.     Writ dated July 17, 1907.

At the trial in the Superior Court before *Bell,* J., the facts appeared in evidence which are stated in the opinion or are there referred to as warranting the findings stated.     At the close of the evidence the defendant asked the judge to make the following rulings, besides others which have become immaterial:

" 1.  On all the evidence the plaintiff is not entitled to recover.

" 2.  The records of the board of health are conclusive upon the question as to the reason why the position of yard foreman was abolished, if it was abolished, and we cannot go behind them."

"5. The position of foreman of the yard in the Lowell health department is an 'office,' which could be abolished by the board of health."

The judge refused to make any of these rulings. He submitted the following questions to the jury, which the jury answered as stated after each:

"1. Was the vote of March 28, 1907, abolishing the position of yard foreman, a mere pretext or device to get rid of the plaintiff?" "Yes."

"2. Was said vote passed in good faith on grounds of economy?" "No."

"3. Were the duties of the office substantially transferred to some other person employed for the purpose of taking them?" "No."

"4. Was the action of the board of health taken because of the plaintiff's refusal to render some political service?" "Yes."

The amount of damages being agreed upon by counsel for both parties, the judge ordered a verdict for the plaintiff in the sum of $293, and, at the request of the defendant, reported the case for determination by this court. If the rulings of the judge were erroneous in law, a new trial was to be granted; otherwise, judgment was to be rendered on the verdict.

*S. E. Qua*, for the plaintiff.

*J. G. Hill*, for the defendant.

SHELDON, J.  The plaintiff was in the employ of the defendant as foreman of the yard of its health department. It is agreed that he was entitled to whatever protection the civil service laws might afford him. St. 1904, c. 314. He was discharged from his employment under a vote of the board of health of the defendant, purporting "to abolish the position of foreman of the yard in the spirit of economy." The jury have found however that this vote was a mere pretext or device to get rid of the plaintiff, that it was not passed in good faith on grounds of economy, and that this action was taken because of the plaintiff's refusal to render some political service. The evidence on which these findings were made was admitted subject to the defendant's exception; and the first question to be considered is whether this evidence was competent.

The defendant's counsel contends that the records of the board are conclusive as to the reason why the plaintiff's position was abolished. He relies mainly upon the decision in *Stratton* v. *Lowell*, 181 Mass. 511, in which it was held that the court could not go behind the record of this board to show that it had had a different and an unlawful reason for the selection of a particular garbage cremator from the lawful reason which the board had declared by its vote and had spread upon its record. And see *Halleck* v. *Boylston*, 117 Mass. 469; *Judd* v. *Thompson*, 125 Mass. 553; *Taylor* v. *Henry*, 2 Pick. 397; *Third School District in Stoughton* v. *Atherton*, 12 Met. 105. But the record of the doings of the board of health, which is not required to keep any such record, does not come under the rule of the cases last cited; and the real point of the decision in *Stratton* v. *Lowell, ubi supra*, was not that the record of this board was in itself conclusive, but that when it was its duty to pass upon the expenditure of a valid appropriation properly made for a purpose within the scope of its authority, the court was bound by its declaration that in making or arranging to make that expenditure it was acting upon the independent judgment which it was its duty to form. That was a different question arising from a different state of facts from what is now presented. It is provided by St. 1904, c. 314, § 1, that " every person holding office or employment in the public service of the Commonwealth or in any county, city or town thereof, classified under the civil service rules of the Commonwealth, shall hold such office or employment and shall not be removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other except for just cause and for reasons specifically given in writing." And the second section of this act, as amended by St. 1905, c. 243, provides for notice and hearing before any final action is had under § 1 already quoted. Upon the findings of the jury, the action of the board of health was intended to deprive the plaintiff of the rights secured to him by this statute, and to prevent him, by a false recital in the vote of the board, from obtaining the redress which the Legislature had intended to secure to him. We do not consider that we are required to allow such a board to nullify the plain and salutary provisions of this statute by simply covering their unlawful act

with a virtuous name.    There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute ; and the latter action can neither be concealed nor protected by a pretense that it was an exercise of the former right.    This was the doctrine of *Bangs* v. *Snow*, 1 Mass. 181, 188, 189.

If it be assumed that the record of the board of health is conclusive that the vote in question was passed at that meeting of the board, it by no means follows that it is also conclusive as to the alleged motive of the members who voted for it or of the board as a body in passing it.    This, like the swearing in of the assessors in *Pease* v. *Smith*, 24 Pick. 122, or the real purpose of the appropriation in *Bangs* v. *Snow*, 1 Mass. 181, was not a matter necessarily to be put upon the record.

The view which we have taken of this question is in accord with decisions made in other States under somewhat similar circumstances.    In *People* v. *Mayor of Brooklyn*, 149 N. Y. 215, *Kelly* v. *York*, 59 N. Y. Supp. 30, and *Sutherland* v. *Board of Street & Water Commissioners*, 32 Vroom, 436, all the reasoning of the opinions goes upon the ground that a recital in the record of a vote that an office was abolished or a resolution passed for reasons of economy could properly be contradicted by other evidence.    The existence of the primary fact upon which the right to take action depended, though averred in the record, was allowed to be contradicted by parol evidence in *Benwood* v. *Wheeling Railway*, 53 W. Va. 465 ; *Johnson* v. *Turnell*, 113 Wis. 468; and *Rape* v. *Heaton*, 9 Wis. 328.    And see to the same effect, *State* v. *Aldridge*, 66 Ohio St, 598 ; *Goodrich* v. *Senate*, 92 Maine, 248, 250, 251, in which the general rule is concisely stated by Strout, J.

Accordingly, we can have no doubt that the judge rightly admitted the evidence which tended to show that the plaintiff's position was not abolished in good faith for reasons of economy, but that the vote of the board of health was a mere pretext or device to get rid of the plaintiff on account of his refusal to render political service to one of the members of the board ; and the findings of the jury were fully warranted by the evidence.

Nor was the plaintiff the holder of an office within the mean-

ing of our statutes. His duties were distinctly those of one engaged in the labor service of the city. He held an employment rather than an office. The duties which according to the evidence he discharged were duties which must be performed by some one, and must be none the less performed under some designation although his nominal position should be abolished. The necessity for the performance of those duties still continued. It is not necessary to consider just what is the technical distinction between an officer and a mere employee; it is sufficient to say that upon the evidence before us the plaintiff belonged to the latter category. *Brown* v. *Russell,* 166 Mass. 14. *Attorney General* v. *Drohan,* 169 Mass. 534, 535. *Johnson* v. *Kimball,* 170 Mass. 58. *Ransom* v. *Boston,* 192 Mass. 299; *S. C.* 196 Mass. 248. *Ransom* v. *Mayor of Boston,* 193 Mass. 537. *Hill* v. *Mayor of Boston,* 193 Mass. 569. *Johnson* v. *Somerville,* 195 Mass. 370. A similar question was considered in *Water Commissioners of New Brunswick* v. *Cramer,* 32 Vroom, 270, reversing *S. C.* 28 Vroom, 478; *Corrigan* v. *Mayor of Brooklyn,* 149 N. Y. 215; *Phillips* v. *Mayor of New York,* 88 N. Y. 245. And see the cases collected in 23 Am. & Eng. Encyc. of Law, (2d ed.) 322, *et seq.*

It follows that the first, second and fifth of the rulings asked for by the defendant could not have been given; the others are made immaterial by the special findings of the jury; and upon those findings a verdict in favor of the plaintiff for the agreed amount of damages was properly ordered.

*Judgment on the verdict.*