ÁLPHONSE BOIS *vs.* MAYOR OF FALL RIVER & another.

Bristol.   October 25, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Civil Service,* Suspension.

Under G. L. c. 31, § 43, one employed in the civil service of a city three
 days a week as a laborer in the street department cannot be refused
 employment for full time without his assent and without the notice
 required by the statute while others in the same department are being
 employed at the same kind of work for which he is eligible and which
 he is ready, willing and competent to perform, even if the refusal of
 full time employment is regular in its recurrence; and, in case of such
 refusal without the statutory notice, he may maintain a petition for
 a writ of mandamus directing his reinstatement.
*It was stated* that, if the department desired to establish the policy of
 regular suspension of work for a definite or indefinite period, doubtless
 a single notice could have been framed to meet the situation and the
 requirements of the civil service law.

PETITION, filed in the Supreme Judicial Court for the
county of Bristol on June 11, 1926, for a writ of mandamus
directing the reinstatement of the petitioner in his employ-
ment as a laborer in the street department of the city of
Fall River.

The petition was heard by *Sanderson,* J.   Material facts
are stated in the opinion.   The single justice ordered the
writ to issue.   The respondent alleged exceptions.

*J. T. Farrell,* for the respondents.

*T. C. Crowther,* for the petitioner.

RUGG, C.J.   This is a petition for a writ of mandamus wherein the petitioner seeks to be restored to his full rights and compensation as an employee of the city of Fall River. The case was submitted on these agreed facts: The petitioner "is a veteran within the meaning of the civil service statute and the rules of the Commonwealth; that he was duly appointed as a laborer in the street department of the city of Fall River, May 14, 1917; that since February 4, 1925, he has been laid off from time to time without written notice or opportunity for a hearing; that during the time he has been laid off veterans and nonveterans have been employed in the street department of the city doing the same kind of work the petitioner was eligible for and which he was ready, willing and competent to perform; that on June 9, 1926, he was again laid off, being told by his foreman upon the termination of his work for that day that he would have to lay off for a week; that no written notice or opportunity for hearing was given; that the petitioner has never acquiesced in the refusal of the respondents to employ him on full time; that he was given employment on the same basis as all other laborers in the street department, namely, three days a week; that the petitioner has never waived his rights under the civil service statute."   The element of discretion in mandamus, which is not subject to review, was exercised in favor of the petitioner because the single justice ordered the writ to issue.   The question is, whether on the agreed facts there was error of law in ordering the writ to issue.

It is provided by G. L. c. 31, § 43, (see St. 1925, c. 220, § 1,) that every person employed in the classified public service of any city shall hold such employment and not be "suspended . . . except for just cause, and for reasons specifically given him in writing within twenty-four hours after such . . . suspension," with right to hearing upon request.   The word "suspension" in this context means a temporary withdrawal or cessation from public work as distinguished from permanent severance from the service accomplished by removal.   The facts show that there was a failure to give employment for three days each week for a considerable time; but that was none the less a suspension because it was of

regular recurrence. The statute is unmistakable in its mandate that there must be notice of such suspension. If it was the policy of the department to establish such regular suspension of work for a definite or indefinite period, doubtless a single notice could have been framed to meet the situation. But there must be notice. Compliance with the requisites of the statute is a condition to the lawful exercise of the power of suspension. *Cassidy* v. *Transit Department of Boston*, 251 Mass. 71. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, and cases there collected.

*Exceptions overruled.*