RAOUL TREMBLAY *vs.* MAYOR OF FALL RIVER & another.

Bristol.    January 19, 1928. — March 6, 1928.

Present: RUGG, C.J., BRALEY, CARROLL, & SANDERSON, JJ.

*Civil Service.*

Civil Service Rule 40, § 4, directing that laborers shall be suspended according to seniority in the service, the oldest in point of service being retained the longest and reëmployed first, applies to each particular classification and not to the labor service as a whole.

One registered under the civil service and employed by a city as "chauffeur and auto mechanic" in 1923 is entitled to seniority privileges under Civil Service Rule 40, § 4, over one who was registered in the civil service and employed by the city in 1906 as a "laborer" and in 1924 was registered and employed by the city as a "chauffeur and auto mechanic."

PETITION, filed in the Supreme Judicial Court for the county of Bristol on November 17, 1927, for a writ of mandamus directing the reinstatement of the petitioner as a chauffeur and auto mechanic.

The petition was heard by *Pierce*, J., upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion. The judge ordered the writ to issue and reported the case to the full court for determination.

*E. T. Murphy*, for the respondents.

*J. T. Farrell*, for the petitioner.

CARROLL, J. The respondents in this petition for a writ of mandamus are the mayor and superintendent of streets of the city of Fall River. The petitioner was registered in the labor service according to law and the rules of the civil service department of the Commonwealth, and was employed by the city on July 30, 1923, as "chauffeur and auto mechanic." John Delaney was registered and employed as a "laborer" in 1906. On March 29, 1924, he was registered and employed as a "chauffeur and auto mechanic." Charles D. Austin was employed and registered as a "laborer" on May 1, 1922. On March 29, 1924, he was further registered and employed as a "chauffeur and auto mechanic." On August 2, 1927, the petitioner, Delaney and Austin were duly suspended while employed as chauffeurs in the street department of Fall River because of lack of funds. On August 16, 1927, Delaney and Austin were reinstated. Reinstatement was refused Tremblay, who petitioned to be reinstated after Delaney and Austin had been given employment. The petition alleges that the petitioner did not know until "after the expiration of the three day period allowed by law in which to make an application for a hearing, . . . that men junior to him in point of service were doing work which rightfully belonged to him." The single justice ordered the writ to issue as prayed for, and reported the case.

Under Rule 32 of the department of civil service, labor service is divided into three classes: (1) laborers, (2) skilled laborers, and (3) mechanics and craftsmen. Under Rule 40 of the department, governing suspension and absence of employees, it is provided by § 4 that if suspension results from "lack of work because of the season, or any other temporary cause, such as the lack of money, laborers shall be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and re-employed first."

Delaney, in 1906, and Austin, in 1922, were employed by the city of Fall River as "laborers" in the labor service, and Tremblay, in 1923, was employed as a "chauffeur" in the labor service; Delaney and Austin, however, were not registered and employed as chauffeurs under the third class of the labor service until March, 1924, at which time Tremblay was already employed in the third class and was senior in that division to Delaney and Austin.

The transfer of Delaney and Austin from the class of "laborers" under Rule 32 to that of "chauffeur and auto mechanic" under the classification of "mechanics and craftsmen" did not affect the seniority of Tremblay in the class in which he was then employed. Under the civil service rules his rating was fixed in the particular division of the labor service in which he was employed, and it could not be taken away from him by transferring to that division employees from another division of the labor service.

Rule 40, directing that laborers shall be suspended according to seniority in the service, the oldest in point of service being retained the longest and reëmployed first, applies to each particular classification and not to the labor service as a whole. Employees in one class are not seniors over those of another class when all are employed in the labor service. Each division is in a class by itself, and seniority in one division cannot displace the seniority rights of an older employee in a particular class. If Delaney and Austin had remained in the class of "laborers," their seniority would not modify or affect the seniority rights of Tremblay in the class of "mechanics and craftsmen"; and their subsequent registration in the latter class did not alter the rating of Tremblay. To give Delaney and Austin seniority rights over Tremblay would bring about uncertainty. No employee would be sure of his rights under the law. Confusion would result. The public service, in our opinion, would be injured, and the abuses which the civil service law was intended to correct would be restored.

The ruling of the single justice was right. Writ to issue as prayed for.

*So ordered.*