JOHN C. LAKE *vs.* CITY OF FALL RIVER.

Bristol. March 15, 1928.— June 11, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Civil Service. Municipal Corporations,* Officers and agents: civil service.

The mere facts, appearing in an action of contract by an employee of a city against the city for damages resulting from an alleged illegal suspension from work, that, when the plaintiff was suspended for three or four days a week for several successive weeks without previous notice under the civil service rules and without being given definite informa-

tion as to the probable time the suspension was to continue, he accepted employment after each suspension without protest or claim of right although he was able and willing to perform his regular work on full time, and that he sought no other kind of employment during the period of his suspension and stated as his reason therefor that he "expected full time employment in the street department and that it was difficult to obtain work elsewhere for three or four days a week," and that he "expected from time to time or had reason to suppose that he might soon be employed in full time," do not require as a matter of law a finding that the plaintiff acquiesced in the various suspensions and thereby was barred from maintaining his action.

CONTRACT. Writ in the Second District Court of Bristol dated July 21, 1927.

The declaration was in two counts. The first count was based upon a claim of an illegal suspension of the defendant from work "enforced without a notice in writing as required by the rules and regulations of the civil service commission."

Material evidence and rulings at the trial in the District Court are stated in the opinion. The judge found for the plaintiff on the first count in the sum of $213.44, and reported the case to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*E. T. Murphy*, for the defendant.

*J. T. Farrell*, for the plaintiff.

PIERCE, J. This is an action of contract to recover damages as wages which the plaintiff would have received if he had been employed continuously by the defendant from January 18, 1926, until July 17, 1926. The answer is a general denial and an allegation "that the plaintiff acquiesced in, agreed to and accepted the alleged illegal suspension and was at the time the writ was brought barred from bringing any action from loss of employment." The case is before this court on an appeal by the defendant from an order "Report Dismissed" of the Appellate Division of District Courts, Southern District.

As shown by the report, before January 18, 1926, "The plaintiff was . . . duly enrolled in the classified list of the public service of the Commonwealth and duly certified as a

permanent employee, as a laborer in the street department of Fall River in accordance with the civil service statutes, rules and regulations and in consequence thereof was employed as such. . . . [He] continued in said employment until on or about January 18, 1926, when he was suspended without legal notice for three or four days each week until July 17, 1926, with the exception of one week in February when he was employed a full week shovelling snow; on July 17, 1926, . . . [he] was reinstated in the employment for full time. No definite information as to the period of time the suspension was to continue was given to the plaintiff; he expected from time to time or had reason to suppose that he might soon be employed for full time; . . . he sought additional days' work from the street department at different times during said period of suspension but was unable to obtain any. . . . [He] was employed by the city for two or three days in each week; . . . other than to request more work as aforesaid . . . [he] accepted the employment as given to him and made no protest or claim of right and took no steps to enforce any claim for damages for a period of eighteen months; during the period of suspension . . . [he] was able and willing to perform his regular work on full time in the street department; . . . [he] sought no other kind of employment during the period of his suspension and he stated as his reason therefor that he expected full time employment in the street department and that it was difficult to obtain work elsewhere for three or four days a week."

At the close of the evidence the defendant, among other requests not now material, asked the trial judge to rule: (1) "Upon the whole evidence, the plaintiff is not entitled to recover"; (2) "When the plaintiff accepted employment for part time of varying extent he made it impossible for himself to gain employment for the part of the week he was not to be employed and therefore is not entitled to damages for the period of unemployment"; (3) "By accepting employment from the defendant for varying periods within a week and after varying times of suspension the plaintiff acquiesced in his suspension and induced the defendant to believe that no liability was incurred by the defendant";

(4) "By accepting employment under other conditions after suspensions without protest the plaintiff encouraged the defendant to continue in its conduct toward the plaintiff and assented to the modification or change in the terms of his original employment"; and (5) "The plaintiff in accepting further employment from the defendant and presenting no claim nor exercising no remedy or action for a long period of time is barred from recovering for such time." The judge refused to rule as requested and the defendant duly excepted.

At the request of the plaintiff the judge, subject to the exception by the defendant, ruled: "That the acceptance of work by the plaintiff when work was given to him did not constitute acquiescence in the refusal of the defendant to employ the plaintiff at other times." Subject to the defendant's exception, the judge also made the following ruling and findings: "I find that no definite information as to the period of time the suspension was to continue was given to the . . . [plaintiff]; that . . . [he] expected from time to time or had reason to suppose that he might soon be employed in full time; that Lake . . . sought additional days' work from the street department at different times during said period of suspension but . . . [was] unable to obtain any . . . . There was no evidence presented at the trial to show that the . . . [plaintiff] acquiesced in . . . [his] suspension from time to time save the facts that . . . [he] worked for the two or three days each week that were allotted to . . . [him] without protest and took no steps to present or enforce any claim for damages for a period of eighteen months. I rule as a matter of law that . . . [his] conduct in these respects did not constitute a waiver of . . . [his] rights or acquiescence in . . . [his] suspensions. And I find as a fact that . . . [he] did not acquiesce in . . . [his] suspensions."

The defendant in its brief concedes that the plaintiff was not suspended in the manner and form prescribed by the statutes, and states: "This case is based upon and differs in principle only from *Bois* v. *City of Fall River*, 257 Mass. 471, in that in that case the question of acquiescence was not raised but was specifically eliminated in an agreed statement

of facts; the suspension in this case being identical with that in the Bois case." The judge having found as a fact that the plaintiff did not acquiesce in his suspension, the single question here presented is, Did the plaintiff, as matter of law, acquiesce in the varying times of suspension because he accepted employment after each suspension under any one or all of the conditions found to be facts in the report? Because of the finding that "no definite information as to the period of time the suspension was to continue was given to the . . . [plaintiff; he] expected from time to time or had reason to suppose that he might soon be employed in full time," it could not have been ruled that the plaintiff had acquiesced in his illegal suspension. He was justified in the circumstances in believing that he might soon be employed for full time, and he was not required to seek work elsewhere for three or four days a week. *Ransom* v. *Boston*, 196 Mass. 248. There was no error in the refusal to give the requested rulings.

The entry "Report Dismissed" is affirmed.

*So ordered.*