EDWARD T. SMITH *vs.* CITY OF NEW BEDFORD.

Bristol.    October 29, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Civil Service.*

Although, after the suspension of several laborers in the employ of a city
for lack of work, there was a violation of civil service rule 40, § 4, in
that the senior in service of such employees was not reëmployed until
after some of his juniors had been reëmployed, such violation, with-
out any further action by the senior employee, did not entitle him to
recover, in an action of contract against the city, wages for the period
during which, under the rule, he should have been employed.

CONTRACT.    Writ in the Third District Court of Bristol
dated June 6, 1928.

Upon removal to the Superior Court, the action was tried
before *Collins,* J.    Material evidence is stated in the opinion.
The judge ordered a verdict for the defendant.    The plain-
tiff alleged exceptions.

*J. T. Farrell,* for the plaintiff.

*B. B. Barney,* for the defendant.

SANDERSON, J.    This is an action of contract to recover
for loss of wages, occasioned by the failure of the defendant
to employ the plaintiff at the time when under the civil
service rule he should have been employed.

The plaintiff was a laborer within class 1 of rule 32, § 2, of
those rules.    He was suspended by a notice in writing given
by the superintendent of streets of the defendant city on
October 22, 1927, and he asked for no hearing thereon and
pursued no remedy outlined by G. L. c. 31, §§ 43 and 45.
Other laborers of the same class of service as the plaintiff,
but junior to him in point of service therein, had been sus-
pended at the time he was, or prior thereto, but many of
these were put back at work of the kind formerly done by
the plaintiff, in violation of the seniority rule, while the
plaintiff was so suspended, but after the expiration of the
three-day period in which he could have asked for a hearing

under G. L. c. 31, § 43. The plaintiff testified that in March, 1928, he saw these men at work, and that he requested in writing his own reinstatement setting out the violation of the seniority rule, but his request was not then granted. On April 9, 1928, he filed a petition for a writ of mandamus seeking reinstatement. While this petition was pending he was put back to work, on or about May 14, 1928, and he then discontinued the petition. On June 6, 1928, he commenced the present action.

At the close of the plaintiff's case, the defendant moved for a directed verdict and requested the judge to rule that the plaintiff has no right to recover in this action for the reason that the suspension ordered was by written notice, and the validity thereof was not brought into question for determination under the provisions of G. L. c. 31, § 45, as amended by St. 1925, c. 220, § 3, nor has mandamus been directed to issue in favor of the plaintiff. Thereupon the trial judge directed a verdict for the defendant subject to the plaintiff's exception.

Civil service rule 40, § 4, provides: "If the suspension is the result of lack of work because of the season, or any other temporary cause, such as the lack of money, laborers shall be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and re-employed first." Upon the facts this provision of the civil service rule was violated by the failure to reëmploy the plaintiff before those junior to him in service were put back to work. But this violation of the rule did not give him the rights which would have been his on a reëmployment, nor did he gain thereby a right to recover damages in this action. In *Ransom* v. *Boston*, 192 Mass. 299, a case in which the plaintiff was held entitled to recover in an action of contract, there had been no valid removal or suspension from the service and the plaintiff's right to compensation continued. See *Ransom* v. *Boston*, 196 Mass. 248, 251, 252; *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411, 414.

No error appears in the order directing a verdict for the defendant.

*Exceptions overruled.*