THOMAS F. McDONALD *vs.* CITY MANAGER OF FALL RIVER.

Bristol. October 27, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, SANDERSON, & FIELD, JJ.

*Civil Service.*

At the hearing of a petition for a writ of mandamus directing reinstatement of the petitioner as a chauffeur in the employ of a city, it appeared that the petitioner, regularly enrolled and permanently employed as a chauffeur, had been suspended for lack of work because of the season; that thereafter three others, who had been regularly enrolled and permanently employed as teamsters longer than the petitioner had been employed as chauffeur, were transferred on the rolls with the approval of the department of civil service from employment as teamsters to employment as chauffeurs, but the petitioner was not reëmployed; that both "Chauffeurs" and "Drivers and Stablemen" were included by the department of civil service in "Class II — Skilled Laborers"; that the requirements of chauffeurs were greater than those of drivers; and that their pay was twenty-five cents a day greater. The petition was dismissed. *Held*, that

(1) Classification within the civil service was purely an administrative matter for the department of civil service to decide;

(2) No legal objection to the transfer of a man from work as driver to that as chauffeur was shown;

(3) The different designations of employees within a class are for convenience in the administration of the civil service law, and, when an employee is transferred from one kind of work to another in the same class, he does not lose the seniority rating obtained when he first became a member of that class;

(4) Rule 40 (4) of the department of civil service, requiring in substance that, if suspension was for lack of work because of the season, laborers should be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and reëmployed first, was not violated;

(5) The petition properly was dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on July 26, 1929, for a writ of mandamus.

The petition was heard by *Crosby,* J., upon an agreed statement of facts, and was ordered dismissed. The petitioner alleged exceptions.

The case was submitted on briefs.

*H. E. Clarkin & J. T. Farrell,* for the petitioner.

*J. L. Hurley,* Corporation Counsel, for the respondent.

SANDERSON, J. This is a petition for a writ of mandamus brought against the city manager of Fall River, in which the petitioner, who was duly appointed, regularly enrolled and permanently employed in the labor service of Fall River as a chauffeur since June, 1925, but who had been suspended for lack of work owing to the season of the year, seeks reinstatement. He makes no complaint concerning the suspension.

On May 26, 1928, while he was still under suspension, three men, named Harrington, Northrup and Sylvia, were put to work as chauffeurs, and a written request by the petitioner for reinstatement was refused. The three men named had been employed previously as teamsters from dates preceding the beginning of the petitioner's employment as chauffeur, and their employment had been continuous up to the time they were given a chauffeur's rating. On April 28, 1929, the superintendent of streets, whose duties and powers so far as this action is concerned are vested in the respondent, requested leave of the department of civil service and registration to change the rating of the three men named from teamsters to chauffeurs because of the disposal of horses. On May 5, 1928, in a letter from the executive of the department, the request was granted as to Harrington and he was given the seniority date of his appointment as teamster. After inquiries for information concerning the other two had been answered, the executive secretary on May 25, 1928, notified the superintendent of streets that if the ratings of Sylvia and Northrup were changed from teamster to chauffeur they would be placed on the roster of chauffeurs under the date of their respective appointments as team-

sters and that they were, on the date of the letter, eligible for employment as chauffeurs. Copies of pay- rolls, subsequent to the employment of the three men, showing their employment were sent to the commission.

It appears from the agreed statement of facts that teamsters had no mechanical duties to perform but just drove a pair of horses; that chauffeurs were required to have such knowledge of and acquaintance with the operation of motor vehicles as qualify them to receive a chauffeur's license; that they are required to operate various types of motor vehicles, and in some cases are required to operate the machinery upon or in connection with the vehicle as well as that which propels it. The pay of chauffeurs is twenty-five cents a day more than that of teamsters. G. L. c. 31, § 3, requires the civil service board to make rules and regulations to regulate the selection of persons in the civil service, and such rules are to include provisions for " The classification of the positions and employments to be filled." By Civil Service Rule 32, the labor service is divided into three classes (1) laborers, (2) skilled laborers and (3) mechanics and craftsmen, and the rule further provides: " The Commissioners shall divide these classes into suitable lists to conform to the work for which applicants are qualified or which employees perform, and shall register applicants and record employees on the appropriate list or lists for which their qualifications or duties entitle them." Civil Service Rule 38 (3), formerly Rule 40 (4), provides: " If the suspension is the result of lack of work because of the season, or any other temporary cause, such as the lack of money, laborers shall be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and re-employed first." In the schedule followed by the civil service commission in administering the rules seven designations are made under " Class II — Skilled Laborers." One of these is " Chauffeurs " and another "Drivers and Stablemen." Civil Service Rules 33 and 34, relating to applications for and registration in the civil service, and Rule 35 relating to

the requisition for and certification of laborers are not relevant to the facts of this case, but relate only to new applicants and new appointees.

If it be assumed that the question, whether drivers or teamsters should be in the same class with chauffeurs, is open in these proceedings, we are of opinion that this classification was purely an administrative matter for the civil service commission to decide. Upon the facts stated there is no legal objection to the transfer of a man from work as driver to that as chauffeur, and the requirements of the law in case of such a change of work seem to have been substantially complied with. In determining who is senior in the service or who is the oldest employee in point of service under Rule 38 (3), the class in which the employee is registered is alone to be considered. Each division is in a class by itself, and the rule " applies to each particular classification and not to the labor service as a whole." *Tremblay* v. *Mayor of Fall River,* 263 Mass. 118, 120. The different designations of employees within a class are for convenience in the administration of the civil service law, and, when an employee is transferred from one kind of work to another in the same class, he does not lose the seniority rating obtained when he first became a member of that class.

It follows that the three men named, all being, within the meaning of the rule, older in point of service than the petitioner, were entitled to be employed first. This record discloses no error of law.

*Exceptions overruled.*