JOSEPH AULT *vs.* JAMES M. HURLEY.

Bristol.    October 22, 1934, January 10, 1935. — June 24, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Civil Service.*

The rating of a civil service employee both as to job and seniority is fixed by his registration in the department of civil service regardless of his actual work.

Under Civil Service Rule 38, paragraph 3, providing for seniority preference with respect to suspension and reëmployment in the labor service, one registered by the department of civil service as a gardener in 1917 and as a laborer in 1923 was junior in rating as a laborer to persons registered as such in 1920, although all had done like work.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Bristol on October 14, 1933.

The case was heard by *Field*, J., who ordered the petition dismissed, but not as a matter of discretion. The petitioner alleged exceptions. Material facts are stated in the opinion.

*H. E. Clarkin*, (*J. T. Farrell* with him,) for the petitioner.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the respondent, submitted a brief.

RUGG, C.J.    This is a petition for a writ of mandamus under G. L. (Ter. Ed.) c. 31, § 39. No oral testimony was heard. The case was submitted upon an agreed statement of facts, which in substance was a case stated. *Frati* v. *Jannini*, 226 Mass. 430.

The respondent stopped the pay of the petitioner as an employee of Fall River on the ground that he was illegally employed.

The point in issue is whether his employment in preference to Albert Nadeau and Michael Clarke, when there was a lack of funds to employ all three, was in violation of the seniority preference in the labor service provided by Civil Service Rule 38, paragraph 3, in these words: "If the suspension is the result of lack of work because of the season, or any other temporary cause, such as the lack of money, laborers shall be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and re-employed first." Under the civil service rules, gardeners and laborers are distinct classifications.

The pertinent facts are these: The petitioner was put to work as a gardener in April, 1917, and worked continuously until he was temporarily suspended in 1930. The work available for the petitioner, Clarke and Nadeau is that of laborers. The work which the petitioner was doing was that of laborer. It does not appear that the work of gardener is at present available. On the civil service records the petitioner is carried as a gardener with the seniority date of April 16, 1917, and as a laborer with seniority date of February 28, 1923; Clarke is carried as a gardener with seniority date of June 25, 1919, and as laborer with seniority date of February 7, 1920, and Nadeau is carried as laborer with seniority date of April 7, 1920, but without registration as gardener. Thus it appears that as laborer both Clarke and Nadeau have a seniority preference over the petitioner. No notice of any change in classification was sent to any one of the three. The petitioner never has made any request for change in classification. The establishment of classifications within the labor service is an administrative matter with which the petitioner is not concerned.

The work performed by the petitioner and by Clarke and Nadeau during the entire period of their employment was the work commonly performed by persons classified as laborers under the civil service law and rules. All three were originally certified and employed by Fall River under the classification of gardeners. The only work of that nature performed by them has been the trimming of trees,

cutting the grass, and general work of cleaning up, around the parks. On the original payrolls of Fall River the petitioner was carried as a laborer at least as far back as November 2, 1919, and Clarke's name first appeared as a laborer on February 7, 1920. The three men have done the same kind of work and, whether rated as gardener or laborer, have received the same pay. There is nothing in the record to show that the employment of the petitioner as "laborer" authorized or approved in accordance with the civil service law and rules was prior to such employment of either Clarke or Nadeau.

The ruling of the single justice was right to the effect that the seniority preference accorded by the civil service rule applies to each classification and not to the labor service as a whole. *Tremblay* v. *Mayor of Fall River*, 263 Mass. 118. *McDonald* v. *City Manager of Fall River*, 273 Mass. 368. The nature of the work ordinarily performed as gardener and laborer is immaterial in determining the date of his seniority in the classification as laborer. The respondent must enforce the rules in conformity to the ratings shown by the civil service records. Approval of the employment of one in the labor service must be given, and the classification and rating given such employee after he has been certified and employed must continue until changed by the respondent. If those records as to rating and classification ever can be falsified in a proceeding like the present, an inference of falsity of classification and rating with respect to the petitioner is not warranted. There is nothing to show that the petitioner was ever accepted or approved by the respondent as laborer at any time prior to the seniority date stated on the civil service records. Whether the classification of the petitioner could have been changed by the addition of laborer without notice to him is of no consequence. His complaint is that he was not earlier given classification as laborer. The rating and seniority dates of the several men as gardener is of no consequence in this connection because there is no work available as gardener and the petitioner is seeking restoration to work as laborer.

The requests for rulings, except so far as given, were denied rightly. There was no error in the rulings made.

*Exceptions overruled.*