FRED BARNARD *vs.* CITY OF LYNN.

JAMES CARROLL *vs.* SAME.

CHARLES GOFFI *vs.* SAME.

THOMAS HEGAN *vs.* SAME.

THOMAS M. LEDWELL *vs.* SAME.

JOHN J. McGRATH *vs.* SAME.

PATRICK MONAHAN *vs.* SAME.

HARRY E. REYNOLDS *vs.* SAME.

THOMAS J. RYAN *vs.* SAME.

FRANK SMITH *vs.* SAME.

STEPHEN WELCH *vs.* SAME.

Essex.   May 11, 1936. — July 3, 1936.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Civil Service.   Municipal Corporations,* Officers and agents, Municipal finance.

A city, after the adoption of a budget appropriating to a department a sum sufficient to pay only nine tenths of the wages to which by ordinance laborers permanently employed in that department in the civil service at the beginning of the fiscal year were entitled for that year, had no right to enforce a request made of such laborers that they relinquish one tenth of their wages; and one not complying with such request could recover from the city the pay fixed for him by ordinance for the entire year, irrespective of the amount of the appropriation or of the fact that other laborers complied with the request.

ELEVEN ACTIONS OF CONTRACT.   Writs in the District Court of Southern Essex dated January 11, 1933.

On removal to the Superior Court, the actions were heard together without a jury by *Dillon*, J., on an agreed statement of facts. He found for each plaintiff, and reported the actions to this court for determination.

The cases were submitted on briefs.

*W. E. Sisk & R. L. Sisk*, for the plaintiffs.

*P. F. Shanahan*, City Solicitor, *& J. M. Cashman*, Assistant City Solicitor, for the defendant.

LUMMUS, J. The eleven plaintiffs are laborers employed by the city of Lynn in its refuse and garbage department. All are in the classified civil service under G. L. (Ter. Ed.) c. 31. By ordinance each is entitled to receive seventy cents an hour, or $30.80 a week. The economic situation of the city led to the adoption of a budget appropriating to each department for the year 1932 a sum sufficient to pay nine tenths of the salaries and wages in the department. No reduction in salaries or wages was made. Instead, each officer and employee was asked to relinquish to the city one tenth of his compensation, and to sign a contract to that effect. All the employees of the refuse and garbage department did so, except the eleven plaintiffs.

The plaintiffs received full pay until December 1, 1932, while other employees were receiving only nine tenths of the pay fixed by the ordinance. On that day, there remained of the appropriation for that department only enough to pay to the other employees their reduced compensation for December, without paying anything to the eleven plaintiffs. They had been warned early in the year that employees who insisted upon full pay would probably receive no pay during December whether they worked or not, because of lack of money. They did in fact work during December, and brought these actions of contract to recover their wages for that month. The trial judge, sitting without a jury, found in their favor, and reported the cases.

These cases do not involve the right of a city upon economic grounds to reduce by general ordinance the wages of employees within the civil service, which was discussed in *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596, *Selectmen of Milton* v. *Justice of the District Court of*

*East Norfolk*, 286 Mass. 1, and *Openshaw* v. *Fall River*, 287 Mass. 426.   Neither do they involve the right of a city to abolish a position or to suspend an employee because of lack of work or funds, which was recognized in *Garvey* v. *Lowell*, 199 Mass. 47, *Smith* v. *New Bedford*, 269 Mass. 345, *Yunitz* v. *Chelsea*, 270 Mass. 179, *McDonald* v. *City Manager of Fall River*, 273 Mass. 368, *Whalen* v. *City Forester of Waltham*, 279 Mass. 287, and *Commissioner of Labor & Industries* v. *Downey*, 290 Mass. 432.   Here the wages were not reduced, but remained as fixed by the ordinance; the plaintiffs were not suspended, but remained at work during the entire period for which they seek to recover their wages.

The city had no right to require the plaintiffs to surrender a part of their lawful pay.   *Campbell* v. *Boston*, 290 Mass. 427.   The fact that other persons engaged in similar employment made a voluntary reduction in their pay is legally immaterial.   If any employee had to be suspended for lack of work or funds, Rule 38, paragraph 3, of the civil service required the suspension of the one most recently employed. *Tremblay* v. *Mayor of Fall River*, 263 Mass. 118.   *Smith* v. *New Bedford*, 269 Mass. 345.   *McDonald* v. *City Manager of Fall River*, 273 Mass. 368.   *Ault* v. *Hurley*, 291 Mass. 176. The city had no right to equalize the annual earnings of the employees, and in effect to exact a contribution from the plaintiffs, by letting them work through December without paying them.

The main defence is, that the annual appropriation for the refuse and garbage department was insufficient to pay all the laborers in that department their full wages for the year, and that when the plaintiffs continued to work in December they knew that any liability incurred by the city to them was incurred in violation of G. L. (Ter. Ed.) c. 44, § 31, which forbids any department of any city or town, except Boston, to "incur liability in excess of the appropriation made for the use of such department." *McHenry* v. *Lawrence*, *ante*, 119.   If this defence were sound, it might not bar recovery altogether, for an unexpended balance remained at the first of December which was available for the plaintiffs as much as for other laborers.

But the answer to this defence is that the liability to the plaintiffs was not really incurred in December nor during the fiscal year. The plaintiffs at the beginning of the year were in the· classified permanent labor service of the defendant. Each plaintiff was entitled to permanency and continuity of employment, subject to the provisions of G. L. (Ter. Ed.) c. 31. Section 43 of that chapter provides that he "shall hold such . . . employment and shall not be removed therefrom, lowered in rank or compensation or suspended, . . . except for just cause, and for reasons specifically given him in writing . . . ." Reasons must be given in writing even when the cause is lack of work or money. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. *Bois* v. *Mayor of Fall River*, 257 Mass. 471. *Reagan* v. *Mayor of Fall River*, 260 Mass. 529. *O'Brien* v. *Inspector of Buildings of Lowell*, 261 Mass. 351. *Lake* v. *Fall River*, 264 Mass. 98. See also *Ransom* v. *Boston*, 192 Mass. 299. It may be that the wages of employees are not within G. L. (Ter. Ed.) c. 44, § 33A, providing that the budget "shall include sums sufficient to pay the salaries of officials fixed by law or by ordinance." But without express statutory direction the city must include in the budget the sums necessary to pay the permanent force of employees, or must take lawful action to reduce either the force or the wages. It cannot remain inactive, permit the employees to work at the rate of wages lawfully fixed, and then set up a lack of money as an excuse for not paying them.

*Judgment in each case for the plaintiff.*