JOSEPH GOSS *vs.* DISTRICT COURT OF HOLYOKE.

Hampden.    January 6, 1939. — January 10, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Civil Service.*

An order by a city board making a uniform reduction in the weekly working hours of all laborers in its department for the purpose of economy was a partial "suspension" of them within G. L. (Ter. Ed.) c. 31, § 43, and as to the senior laborer was contrary to Civil Service Rule 38, paragraph 3, and so was "made without proper cause" within § 45 of c. 31, and should have been reversed by the District Court on review.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Hampden on July 22, 1938.

The case was reported by *Dolan*, J., and was submitted on briefs to the full court.

*J. P. Dowling*, for the petitioner.

*P. J. Garvey*, for the respondent.

LUMMUS, J.  The petitioner, an employee of the city of Holyoke within the classified civil service, was working forty hours a week as a laborer in the department of public works at an hourly rate of pay.  On April 4, 1938, he received from the board of public works a notice that in the interest of economy the board had ordered that "the working schedule for the Labor Division in this department shall not exceed Thirty (30) hours per week," and that his working hours were reduced accordingly.  He requested and received a public hearing in accordance with G. L. (Ter. Ed.) c. 31, § 43, after which the board adhered to its order. Thereupon the petitioner obtained, under G. L. (Ter. Ed.) c. 31, § 45, a review by a district court, which affirmed the decision of the board.  Upon a petition for a writ of certiorari to quash the action of the District Court, a single justice of this court ordered the writ to issue for that purpose, and reported the case.

The judge of the District Court finds that "the board admits that it has sufficient funds to employ the petitioner and his fellows [i.e., the senior employees of the same class] in the order of their seniority on a forty-hour per week basis, but as a matter of policy deems it fairer and more equitable to place the entire working force on a thirty-hour basis."

The order of the board was made in good faith, to solve an economic problem not unusual in these times.  The money appropriated for the board was insufficient to pay as before all the laborers of the same class as the petitioner. Civil service laws leave scope for measures of economy taken with due regard to those laws.  But those laws cannot be ignored in the pursuit of the commendable end of living within the municipal means.  For example, wages may be reduced, but not by the indirect method of failing to appropriate sufficient money to pay civil service employees (*Barnard* v. *Lynn*, 295 Mass. 144), nor by a simple vote where the law requires an ordinance.  *Fortin* v. *Chicopee*, 301 Mass. 447.

The measure of economy adopted in the present case was technically a suspension of the petitioner and all his fellow

workmen for one fourth of their working time. In *Bois* v. *Mayor of Fall River*, 257 Mass. 471, 472, 473, it was said, in speaking of the statutory right to notice, hearing and review under G. L. (Ter. Ed.) c. 31, §§ 43, 45, upon the suspension of a civil service employee, "The word 'suspension' in this context means a temporary withdrawal or cessation from public work as distinguished from permanent severance from the service accomplished by removal. The facts show that there was a failure to give employment for three days each week for a considerable time; but that was none the less a suspension because it was of regular recurrence. The statute is unmistakable in its mandate that there must be notice of such suspension. If it was the policy of the department to establish such regular suspension of work for a definite or indefinite period, doubtless a single notice could have been framed to meet the situation." If the action taken in this case were not a suspension within the statute, the protection afforded by a civil service position like the petitioner's could be practically destroyed by an order reducing the hours of labor to twenty or ten or two hours a week, without giving any right to notice, hearing or review. See also *Reagan* v. *Mayor of Fall River*, 260 Mass. 529; *Lake* v. *Fall River*, 264 Mass. 98.

The need of economy may be "proper cause" within G. L. (Ter. Ed.) c. 31, § 45, for the suspension of a civil service employee. *Barnard* v. *Lynn*, 295 Mass. 144, 145, and cases cited. It does not follow that a municipality may solve its economic problem resulting from a shortage of money, by suspending all its employees within a certain class for a part of their working time, in order that all may remain at work for fewer hours a week and therefore with smaller weekly earnings. However just such a solution may appear, it contravenes a state-wide policy to which a municipality must bow. By G. L. (Ter. Ed.) c. 31, § 3, the "board," consisting of the commissioner and associate commissioners of civil service, was empowered to make rules governing, among other things, "the selection of persons to be employed as laborers or otherwise in the service of the commonwealth and said cities and towns."

Rule 38 (3) so made, in its first and controlling sentence, provides as follows: "If the suspension is the result of lack of work because of the season, or any other temporary cause, such as the lack of money, laborers shall be suspended according to their seniority in the service, the oldest employee in point of service being retained the longest and re-employed first." That sentence is quoted and explained in *Tremblay* v. *Mayor of Fall River*, 263 Mass. 118, *Smith* v. *New Bedford*, 269 Mass. 345, *McDonald* v. *City Manager of Fall River*, 273 Mass. 368, and *Ault* v. *Hurley*, 291 Mass. 176. In *Barnard* v. *Lynn*, 295 Mass. 144, 146, it is said, "If any employee had to be suspended for lack of work or funds, Rule 38, paragraph 3, of the civil service required the suspension of the one most recently employed." The judge in the District Court in the present case made a ruling phrased in precisely those words. The decision of the board was, as matter of law, "made without proper cause," within G. L. (Ter. Ed.) c. 31, § 45, because it deprived the petitioner of his right under Rule 38 (3), as the senior member of his class, not to be suspended for lack of work or funds until all his juniors had ceased to be employed.

*Writ to issue.*