BOSTON REDEVELOPMENT AUTHORITY *vs.* CIVIL SERVICE COMMISSION & another. November 4, 1982. We consider in combination (1) the commission's erroneous ruling of law that "there was no evidence that discharge was based upon lack of funds" (see *Goss* v. *District Court of Holyoke*, 302 Mass. 148, 149, 150 [1939]; G. L. c. 121B, § 52, as amended by

St. 1978, c. 393, §§ 35-37), (2) certain of the findings of the hearing offi-
cer which were adopted by the commission (particularly those in pars. 24
through 30 of her recommended decision), and (3) the absence of any
finding of fact as to the motive or intent of the authority in adopting its
vote of December 18, 1980. These, taken together, make it impossible for
a court to determine whether the commission's present decision is based
(a) on a conclusion that that vote constituted a mere pretext or device to
get rid of the employee in question which was not passed in good faith (see
*Garvey* v. *Lowell,* 199 Mass. 47, 48, 49-50 [1908]; *Commissioner of Pub.
Works of Quincy* v. *District Court of East Norfolk,* 258 Mass. 444,
445-446 [1927]; *Cambridge Housing Authy.* v. *Civil Serv. Commn.,* 7
Mass. App. Ct. 586, 589-591 [1979]) or (b) on the commission's wrongful-
ly arrogating to itself the managerial prerogative of the authority's board
to determine when an administrative position should be abolished or an
individual removed in the interests of economy and operating efficiency.
See *Gardner* v. *Lowell,* 221 Mass. 150, 154 (1915); *McCabe* v. *District
Court of Lowell,* 277 Mass. 55, 57-58 (1931); *Selectmen of Milton* v. *Dis-
trict Court of East Norfolk,* 286 Mass. 1, 6-7 (1934); *McNeil* v. *Mayor of
Peabody,* 297 Mass. 499, 500-501, 504 (1937); *Cullen* v. *Mayor of New-
ton,* 308 Mass. 578, 579, 581 (1941); *Dooling* v. *Fire Commr. of Malden,*
309 Mass. 156, 157-158, 161-162 (1941); *School Comm. of Salem* v. *Civil
Serv. Commn.,* 348 Mass. 696, 698-699 & n.1 (1965). Accordingly, the
judgment of the Superior Court is reversed, the present decision of the
commission is quashed, and the case is to be remanded to the commission
(*Selectmen of Framingham* v. *Civil Serv. Commn.,* 366 Mass. 547, 548,
552-554, 557 [1974]) for detailed findings of fact which will permit a
court to determine the legal basis of, and the reasons for, whatever new
decision the commission may now render (*Foster from Gloucester, Inc.* v.
*City Council of Gloucester,* 10 Mass. App. Ct. 284, 293-296 [1980]). The
commission may take further evidence, and the Superior Court may re-
tain jurisdiction over the case.

*So ordered.*

*Paul A. Lazour,* Assistant Attorney General, for Civil Service Com-
mission.

*David H. Drohan* for Edwain F. Colby.

*Harry G. Stoddard* for the plaintiff.