COMMISSIONER OF LABOR AND INDUSTRIES *vs.* FRANK J. DOWNEY.

Hampden.  September 18, 1934. — April 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Municipal Corporations,* Vacations of laborers. *Words,* "Suspension," "Dismissal."

Suspension for reasons of economy of a laborer employed by a city was not "dismissal for cause in accordance with law" within the meaning of G. L. (Ter. Ed.) c. 41, § 111, in the amended form appearing in St. 1932, c. 109, in force in that city.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Hampden on December 9, 1933.

A demurrer by the respondent was heard by *Wait,* J., who ordered it overruled and ordered the writ to issue. The respondent alleged exceptions.

The case was submitted on briefs.

*S. L. Fein,* Assistant City Solicitor, for the respondent.

*J. E. Warner,* Attorney General, & *C. F. Lovejoy,* Assistant Attorney General, for the petitioner.

RUGG, C.J. This petition for a writ of mandamus is brought to enforce the provisions of G. L. (Ter. Ed.) c. 41, § 111, as amended by St. 1932, c. 109. The duty to enforce that statute is cast upon the petitioner. The provisions of that section, so far as here material, are in these words: "In any city which accepted said chapter the city council may determine that a vacation of two weeks without loss

of pay shall be granted to every person regularly employed by such city as a common laborer, skilled laborer, mechanic or craftsman. If such vacations are authorized, they shall be granted by the heads of the executive departments of the city at such times as in their opinion will cause the least interference with the performance of the regular work of the city. A person shall be deemed to be regularly employed, within the meaning of this section, if he has actually worked for the city or town for thirty-two weeks in the aggregate during the preceding twelve months, notwithstanding that he has ceased, otherwise than by voluntary withdrawal or dismissal for cause in accordance with law, to be in the employ of such city or town."

It is alleged in the petition that the respondent is the head of the executive department having charge of the employment of janitors, firemen and other laborers in connection with public buildings in the city of Springfield; that said § 111 relating to vacations of janitors and laborers is operative in Springfield; that one Donovan, employed as a janitor of a public building in that city, has been suspended by the respondent for reasons of economy but has actually worked for the city for thirty-two weeks in the aggregate during the preceding twelve months; that his request for an annual vacation of two weeks without loss of pay has been denied by the respondent solely on the ground that Donovan, having been suspended for reasons of economy, has been dismissed "for cause" within the meaning of those words in said § 111. The respondent demurred to the petition. The single justice ordered that the demurrer be overruled and that the writ issue as prayed for. Exceptions of the respondent bring the case here.

The petition alleges that Donovan has been "duly suspended for reasons of economy." That must be accepted as the fact because it is admitted by the demurrer. The governing statute requires the vacation of two weeks without loss of pay unless there has been severance of his employment by "dismissal for cause in accordance with law." The sharp distinction is thus drawn between suspension and dismissal. Suspension in this context means "a

temporary withdrawal or cessation from public work as distinguished from permanent severance from the service accomplished by removal." *Bois* v. *Mayor of Fall River*, 257 Mass. 471, 472. The latter part of the sentence just quoted defines the signification of dismissal as used in said § 111. In a somewhat similar context dismissal has been said to denote "complete separation" from a public employment. *Boody* v. *School Committee of Barnstable*, 276 Mass. 134, 138. The distinction between suspension and dismissal thus is one of substance and not of form. Suspension imports the possibility or likelihood of return to the work when the reason for the suspension ceases to be operative. Dismissal imports an ending of the employment. In its effects it is commonly the equivalent of removal. *Dunn* v. *Commissioner of Civil Service*, 279 Mass. 504, 510.

On this record it appears that there has been no dismissal of Donovan, but only a suspension. Doubtless suspension for reasons of economy was for a just cause. That cause may have warranted a dismissal. *McCabe* v. *Judge of the District Court*, 277 Mass. 55. There has been, however, no dismissal for that or any other cause. It follows that Donovan falls within the class entitled to a vacation of two weeks without loss of pay under said § 111.

*Exceptions overruled.*