JOUNESS DE WEERDT *vs.* CITY OF SPRINGFIELD.

BERNARD A. McCANN *vs.* SAME.

Hampden.    September 17, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Municipal Corporations*, Vacations of laborers. *Words*, "Regularly employed."

Laborers, who had worked for thirty-two weeks during twelve months for a city which had accepted the provisions of St. 1914, c. 217, were entitled to the benefits of G. L. (Ter. Ed.) c. 41, § 111, as amended by St. 1932, c. 109, relating to vacations without loss of pay, although they had been permitted to work only thirty hours each week; the number of hours per week necessary to meet the requirement of regular employment under that statute was not the forty-eight hours set as a maximum for the city's laborers by G. L. (Ter. Ed.) c. 149, § 30, which also had been accepted by the city.

Two ACTIONS OF CONTRACT. Writs in the District Court of Springfield dated January 8, 1936.

The actions were heard by *Davis*, J., who found for each plaintiff in the sum of $33.60. Reports to the Appellate Division for the Western District were ordered dismissed. The defendant appealed.

The cases were submitted on briefs.

. *D. M. Macaulay*, City Solicitor, & *J. S. Bulkley*, Assistant City Solicitor, for the defendant.

*C. V. Ryan, Jr.*, for the plaintiffs.

CROSBY, J. These are actions of contract in which the plaintiffs seek to recover certain vacation pay at the rate of $16.80 per week, under the provisions of G. L. (Ter. Ed.) c. 41, § 111, as amended by St. 1932, c. 109.

The following facts are shown by the record: The plaintiffs were employed by the defendant city as laborers to work on a basis of thirty hours a week for which they were to be paid at the rate of fifty-six cents an hour. They were chosen "under the provisions of the civil service laws, and worked on street projects executed under an agreement between the city and federal government, commonly known as a P. W. A. contract, which provided that all employees engaged on such projects should work thirty hours a week." The plaintiffs were not employees of the Federal government, but were employed by the city, paid by the city weekly with municipal funds, and were directly under the control and direction of city officials. The plaintiff De Weerdt worked portions of forty-four weeks during the year following the week ending October 28, 1933, or a total of one thousand two hundred twenty-seven and one half hours. The plaintiff McCann worked portions of forty-eight weeks during the year following the week ending October 28, 1933. On November 3, 1914, the city duly accepted St. 1914, c. 217, relating to vacations of laborers employed by cities and towns. Both plaintiffs were suspended by the superintendent of streets of the defendant city on October 11, 1934, for lack of work, under the provisions of the civil service law. Each plaintiff requested of the superintendent of streets and engineering two weeks' vacation with pay,

and the superintendent refused to grant the vacation because he did not believe the plaintiffs were legally entitled to it. Thereafter these actions were brought. At the close of the trial certain requests for rulings filed by the defendant were denied, and a finding for the plaintiff was entered in each case in the sum of $33.60 — the amount claimed. The judge found in each case from the agreed facts that the plaintiff was "regularly employed by the defendant within the provisions contained in G. L. (Ter. Ed.) c. 41, § 111, as amended by c. 109 of St. 1932; that the plaintiff actually worked for the defendant thirty-two weeks in the aggregate during the preceding twelve months from the time his services were suspended . . . ." The Appellate Division dismissed the report in each case and the defendant appealed.

The statute under which the plaintiffs seek to recover (G. L. [Ter. Ed.] c. 41, § 111, as amended by St. 1932, c. 109) provides in part as follows: "In any town which accepted chapter two hundred and seventeen of the acts of nineteen hundred and fourteen, all persons classified as laborers, or doing the work of laborers, regularly employed by such town, shall be granted an annual vacation of not less than two weeks without loss of pay. . . . A person shall be deemed to be regularly employed, within the meaning of this section, if he has actually worked for the city or town for thirty-two weeks in the aggregate during the preceding twelve months, notwithstanding that he has ceased, otherwise than by voluntary withdrawal or dismissal for cause in accordance with law, to be in the employ of such city or town . . . ." It is the contention of the defendant, shown by its requests for rulings, that the words "regularly employed" and "thirty-two weeks in the aggregate" in the statute mean thirty-two full weeks, and not thirty-two part time weeks; that a week under the statute means a forty-eight hour week; and that to be entitled to a vacation the plaintiffs must each have worked the equivalent of thirty-two forty-eight hour weeks.

We are of opinion that the statute cannot properly be so construed. There is nothing in § 111, as amended, which defines how many hours a week's work shall consist of

under said section, nor does it intimate that the maximum of forty-eight hours of labor per week fixed for city and town laborers by G. L. (Ter. Ed.) c. 149, § 30,* is to be the minimum amount of work per week by which such laborers must qualify for vacations with pay. G. L. (Ter. Ed.) c. 149, § 30, does not purport to define for all purposes what a week's work shall consist of for such laborers; it merely places a limit upon the number of working hours in such week. It does not state that for purposes of the provisions of other statutes, a week's work must be forty-eight hours and that it may not be less than forty-eight hours. The forty-eight hour statute has no force or bearing in the determination of the meaning of G. L. (Ter. Ed.) c. 41, § 111, as amended. The words of the statute itself, in view of its evident purpose, alone must be considered to discover the intention of the Legislature. The important words of the vacation statute are "regularly employed" and "thirty-two weeks in the aggregate." The words "regularly employed" as thus used mean something of permanence in the employment, as distinguished from that which is occasional or temporary.

St. 1920, c. 143, entitled "An Act relative to the vacations of certain municipal employees," provided that "A person shall be deemed to be 'regularly employed' within the meaning of section one of chapter two hundred and seventeen of the acts of nineteen hundred and fourteen . . . provided that he has actually worked for the city or town for thirty-two weeks in the aggregate during the preceding calendar year." This phrase is commonly accepted as the definition of the words used, and means a total of thirty-two weeks' work out of the preceding twelve months. Employment by the week for the stated number of weeks in the year is therefore the important requirement of the present statute. Laborers such as the plaintiffs fulfil this requirement. Although they were employed for only thirty hours a week because of special Federal provisions with respect to "P. W. A." contracts, they were regular em-

---

* It appeared by the record that this statute had been accepted by an ordinance of the defendant. — REPORTER.

ployees of the city and their work was by the week. They were employed for thirty-two weeks of thirty hours each out of the preceding twelve months. As regular weekly work for the stated number of weeks alone is present to satisfy the requirement of the statute, the plaintiffs on the facts shown are entitled to the benefit of the statute to the extent of the hours which they worked weekly. Despite the fact that they were permitted to work for only thirty hours a week, they were as much regular laborers within the meaning of the statute as laborers who regularly worked a forty-eight hour week. Weekly work for the stated period is all that is required for the application of the statute. There is nothing in the statute which is contrary to this conclusion, or which suggests that its application is limited to laborers who work a forty-eight hour week.

In each case the entry must be

> *Order of Appellate Division dismissing report affirmed.*