Estes, J.
Action of Contract. Answer Ueneral Denial. The first Count of plaintiff’s declaration alleges that he worked without vacations, but did not “receive compensation for . . . vocational periods”.
The second Count avers that he is entitled to pay and one-half for working during vacation periods, and that he did not “receive, compensation for said vocational periods”.
The Court made the following findings and rulings:
“It was agreed between the parties that the defendant on June 24, 1927, employed the plaintiff in the Water De *227 partment of the Town. During the period of his employment the plaintiff was paid wages averaging $28.80 per week.
On November 4, 1936, the plaintiff received an injury arising out of and in the scope of his employment. For the injury he was awarded Workmen’s Compensation. When the disability received by the plaintiff from that injury terminated, the compensation was discontinued. The plaintiff thereafter was not employed by the defendant. The plaintiff was not discharged for cause.
The plaintiff during this period of service with the defendant worked 52 weeks, in each year, except the last year. The work for the last year would have been for 52 weeks except for the injury the plaintiff received. During the term of the plaintiff’s employment he did not receive any vacations.
On November 3, 1914, the defendant accepted an act relative to vacations to laborers employed by cities and towns (Chap. 217 of the Acts of 1914, now Q-en. Laws (Ter. Ed.) Chap. 41, Sec. 111.)
I rule that the plaintiff cannot recover.
I have decided to report my ruling to the Appellate Division, and if the trial court erred in its ruling, then to order judgment for the plaintiff in the sum of $518.40, if that sum has been correctly arrived at, and if not, in such amount as the Appellate Division may order. In fixing the amount of $518.40, the court took as a measure the average weekly wages the plaintiff earned. The court did not figure in this sum damages in the nature of overtime.”
These findings and rulings were made on an agreed statement of facts, which, apparently, amounted to a ease *228 stated.. The ¡judge has reported his rulings to this division. If his.rulings are -correct, .finding for the defendant is to stand. If it is error, finding to be ordered for the plaintiff.
No defense of the Statute of Limitations was pleaded.
1. First, considering the second count, the plaintiff argues -that he is entitled to overtime pay (time and one-half) because of custom, since he worked during time that he should have had a vacation. The report does not recite the agreed statement of facts, and nothing to show the custom appears in the record. We do not take judicial cognizance of such a custom.
2. On the first Count. It seems to be clear the plaintiff was entitled to vacations without loss -of pay. He could have had them, or taken steps to enforce his right to have them. In 1927 it was enacted that “the department of labor and industries shall enforce this section, and .shall have all necessary powers therefor”, Act of 1927, Ch. 131. The penalty clause was not inserted until 1936. Acts of 1936, Ch. 242.
The defendant worked continually from June 24, 1927 to November 4, 1936. He took no action to enf orce his rights to vacations. The record discloses no reason why he did not take vacations, nor does it appear that he complained, or that he expressly waived his rights.
No requests for rulings of law are reported.
The defendant submitted no brief. The plaintiff cites two cases in his brief.
• The act does not fix a period within a calendar year as the time one must work to be entitled to a vacation. It says ‘‘during the preceding, twelve months”.
• The question submitted to us by the report is whether a laborer who was entitled to vacations under. Chapter *229 41, section 111, "but is not given them and has not asked for them; who worked the full period of time for the preceding twelve months, and has been paid for the full period, can recover two weeks pay for each twelve months he so worked and was paid.
Each period of twelve months .that the plaintiff worked ended on the 23rd day of June each year.
De Weerdt vs. City of Springfield, 295 Mass. 523, cited by the plaintiff, does not help us in this case. In that case the plaintiff sued for his pay. The case decides that the statute does not require a work week of 48 hours. The case of Commissioner of Babor and Industries vs. Downey, 290 Mass. 432, also cited by the plaintiff was a petition for a writ of mandamus, under the provision of the 1927 amendment. It was there decided that suspension for reasons of economy was not a dismissal for cause.
After the plaintiff in the instant case was injured in 1936, he received workmen’s compensation. The record does not state for how long this was paid. "When the “injury terminated” the compensation was discontinued, but the plaintiff was not thereafter employed by the defendant. He “was not discharged for cause’’.
I. We are of the opinion that for each twelve months period from June 24, 1927 to June 23, 1935, the plaintiff cannot recover. We think that he impliedly waived his right to vacations. He wtorked during the time he might have had the vacations and was paid. We do not think he is entitled to additional pay.
II. After June 23, 1936, he was entitled to a vacation. He continued to work until November 4, 1936. He was still entitled to a vacation then. We do not think his period of disability deprived him of that right. We *230 are of the opinion that he was entitled to a vacation of two weeks for having worked the preceding twelve months, and should he paid therefor.
Finding is ordered for the plaintiff and the case is remanded to the trial court for assessment of damages in accordance with this opinion.