MAYOR OF NEWTON & another *vs.* CIVIL SERVICE
COMMISSION.

Suffolk.    October 7, 1955. — December 8, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Civil Service. Police. Certiorari. Practice, Civil,* Appeal. *Words,* "Sus-
pension."

An appeal lies to this court from an order for judgment in a certiorari case
    heard solely on the petition and the return.   [342]
Circumstances attending the arrest of a police officer at a time when he
    was not in uniform and was not on duty but was intoxicated and
    became involved in an argument after parking his automobile in the
    driveway of a closed filling station warranted a conclusion that his
    conduct had been unbecoming an officer and justified his discharge
    from the police department.   [343]
The appointing authority of a city police department had power to dis-
    charge a police officer in the civil service at a time and for cause occur-
    ring when he was under suspension.   [343–344]
In a certiorari proceeding brought by the appointing authority of a city
    police department to quash a decision by the civil service commission
    under G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240,
    purporting "to modify the penalty" imposed on a police officer by the
    appointing authority from discharge to merely leaving in effect a
    previous suspension for a period then unexpired, this court ordered
    judgment to be entered quashing the decision of the commission since
    it was apparent that an erroneous ruling by the commission that the
    appointing authority had no power to discharge the officer while he
    was under suspension went to the root of the commission's decision.
    [344]
In a certiorari proceeding attacking action by the civil service commission,
    an order for judgment affirming its action was irregular.   [344]

PETITION, filed in the Superior Court on December 22,
1953, for a writ of certiorari.

The case was heard by *Brogna,* J.

*Matt B. Jones, Jr.,* City Solicitor, for the petitioners.

*Harris A. Reynolds,* Assistant Attorney General, for the
respondent.

RONAN, J.    This is a petition for a writ of certiorari

brought by the petitioners, the mayor and the chief of police of Newton,[1] against the respondents constituting the civil service commission to quash the decision of the commission ordering the petitioners to reinstate on January 1, 1954, one Prescott to his position as a member of the police department of said city. The petitioners appealed from an order entered in the Superior Court "that the action of the respondents be and hereby is affirmed and judgment is ordered entered accordingly."

Prescott was found guilty of being intoxicated on a public way in Newton on June 29, 1953. He was fined and appealed but later withdrew his appeal and the complaint was filed. Charges were preferred by the appointing authority against Prescott for being intoxicated on June 29, 1953, and for conduct unbecoming an officer and after a hearing on July 7, 1953, he was ordered suspended until January 1, 1954. He did not appeal from that decision. On October 12, 1953, a holiday, he was operating an automobile in Lexington. He had been drinking. He evidently thought it was not safe to continue to drive along the public way and he parked the automobile in the driveway of a closed filling station. He became involved in an argument with a third person. He later was arrested, another officer driving his automobile to the station. He was fined at the District Court at Concord and paid the fine. He was found guilty, after a hearing on November 4, 1953, by the appointing authority, on charges of intoxication and of conduct unbecoming an officer and discharged from the police department. Prescott appealed to the civil service commission. He was given a hearing before the chairman of the commission. G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240.

The chairman reported his findings to the commission. Three members of the commission on December 7, 1953, filed a memorandum and voted to receive the report of the

---

[1] Howard Whitmore, Junior, became mayor on January 1, 1954, upon the expiration of the term of Theodore R. Lockwood and was substituted as a petitioner on February 3, 1954, in place of Mr. Lockwood. The mayor and chief of police constitute the appointing authority for members of the police department of Newton and shall be so referred to.

hearing member, and "to modify the penalty to read that the previous penalty awarded by the appointing authority of a suspension to January 1, 1954, be served by said Prescott, at which time he is to be restored to his full duty as a police officer." The hearing member voted to sustain the appointing authority in discharging Prescott. The remaining member voted "present."

The petition for a writ of certiorari was heard in the Superior Court on the petition and return which included the written report of the hearing member, a transcript of the evidence heard by him, and the memorandum of the majority members. This appeal from an order for judgment affirming the action of the commission brings the case here. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706. *Hannigan* v. *Board of Appeals of Lowell,* 328 Mass. 366. Compare *Feener Business Schools, Inc.* v. *Board of Collegiate Authority,* 329 Mass. 170. Our inquiry is to determine whether there is any substantial error of law on the face of the record. *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448, 458. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 181.

There are trivial mistakes in the written report of the hearing member which we need not pause to discuss. His principal error was in apparently considering that there was a withdrawal of the suspension of July 7, 1953, a notice of which suspension had been given on July 8, 1953, by the appointing authority to the director of civil service informing him of the suspension of Prescott, terminating on January 1, 1954, and requesting his reinstatement at the "expiration of suspension." All parties in interest agree that there is nothing in the evidence to support a finding that the suspension was ever withdrawn. None of them contends that there was such a withdrawal. The case was tried upon the theory that the suspension of July 7, 1953, was in full force and effect when Prescott was found guilty of being intoxicated in Lexington and ordered discharged from the department. The four commissioners who voted found that Prescott was intoxicated on that occasion. The majority,

however, point out that, there being no evidence of any disturbance or violation of law other than drunkenness, they did not agree that the fact a man is arrested for drunkenness, proves, without any other evidence, that he is guilty of conduct unbecoming an officer. There is here more than drunkenness alone. It would be difficult in view of the circumstances which have already been mentioned attending his arrest to conclude that Prescott's conduct was otherwise than unbecoming.

The majority next points out that Prescott was not in uniform or on duty. That was not decisive. It was said in *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex,* 249 Mass. 465, 470, "The circumstance that this testimony related to a time when the officer was not in uniform and was not on duty is not decisive. His conduct while off duty and in civilian clothes might be of such nature as to show him unfit to continue to act as a police officer." See also *Mayor of Lynn* v. *Judge of the District Court of Southern Essex,* 263 Mass. 596; *Sullivan* v. *Municipal Court of the Roxbury District,* 322 Mass. 566.

That brings us to the principal question in the case and that was the power of the appointing authority to discharge Prescott who was at that time under a previous definite suspension which was then unexpired. The majority of the commission ruled that the appointing authority had no right to take action against Prescott because at that time he was separated from the police service of Newton. The status of a person in the classified service who has been discharged, retired, granted a leave of absence, or suspended has been frequently decided. *Whalen* v. *City Forester of Waltham,* 279 Mass. 287. *Ferrante* v. *Higgiston,* 296 Mass. 208, 209. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492, 495–496. *Kennedy* v. *Holyoke,* 312 Mass. 248. See G. L. (Ter. Ed.) c. 31, § 43, as amended. Suspension denotes "a temporary withdrawal or cessation from public work as distinguished from permanent severance from the service accomplished by removal." *Bois* v. *Mayor of Fall River,* 257 Mass. 471, 472. It was said in *Commissioner of Labor & Industries* v. *Downey,*

290 Mass. 432, 434, "The distinction between suspension and dismissal thus is one of substance and not of form. Suspension imports the possibility or likelihood of return to the work when the reason for the suspension ceases to be operative. Dismissal imports an ending of the employment." However tenuous was the grasp that Prescott might have had on the office up to the time he was ordered discharged by the appointing authority, the door had not been entirely closed. We do not think that the appointing authority was required to wait until the expiration of his suspension before proceeding against him for his conduct in Lexington.

The majority of the commission purporting to act under G. L. (Ter. Ed.) c. 31, § 43 (b), for the express purpose of modifying "any penalty imposed by the granting authority" "have taken the remedial action set out in the next paragraph of this memorandum" which ordered the appointing authority to reinstate Prescott on January 1, 1954, the termination of the suspension imposed on July 7, 1953. It reversed the order of discharge imposed on November 4, 1953, and as a practical matter imposed no penalty upon Prescott because of the Lexington affair. It is therefore manifest that the ruling of the respondents that the appointing authority had no right to discharge Prescott on November 4, 1953, went to the root of the action by the commission and cannot stand. *Mayor of Beverly* v. *First District Court of Essex*, 327 Mass. 56, 60.

The Superior Court had no power to affirm the action of the commission. *Devine* v. *Zoning Board of Appeals of Lynn*, 332 Mass. 319. The order for judgment is reversed and judgment is to be entered quashing the decision of the commission.

*So ordered.*